1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHANNA SIMS,

                        Plaintiff,

        v.

DANIEL KRAMMER and SAMANTHA
STEVEN,

                        Defendant.

CASE NO. 2:22-cv-1217-JCC

**ORDER OF DISMISSAL**

        Before the Court is a complaint submitted by Plaintiff Shanna Sims. For the reasons

below, the Court DISMISSES the complaint.

        This matter comes before the Court *sua sponte*. The Court may *sua sponte* raise the issue

of subject matter jurisdiction at any time during an action. *Allstate Ins. Co. v. Hughes,* 358 F.3d

1089, 1093 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3). After careful review of Plaintiff's

complaint, (Dkt. No. 3), the Court concludes this Court lacks subject matter jurisdiction, and the

case should be dismissed. The complaint alleges Plaintiff, a resident of Sultan, Snohomish

County, Washington, sues Daniel Krammer and Samantha Steven who are also residents of

Sultan. The complaint alleges the basis for federal court jurisdiction is "Federal Question." (Dkt.

No. 3 at 3.) In support, the complaint avers the following statutes are at issue in the case:

        RCW 64.90.245 Declarant Declaration RCW 58.17.020 Plat Map
        Defendants did not have property surveyed. RCW 64.90

ORDER OF DISMISSAL - 1

1
2
3

> Washington Uniform Common Interest Ownership. RCW
> 64.04.020 Requisites of a Deed, RCW 64.06020 Disclosure
> Statement. RCW 9A.72.020 Perjury. All homeowners at Daisy
> Landing are governed by the CCRS which are noted in each deed.
> The defendants are in violation of not following the CCRS.

4 *Id.* at 3−4. The complaint alleges Defendants violated these state statutes in a real property

5 dispute by taking down a fence without approval and building a retaining wall that protrudes

6 onto Plaintiff's property. (Dkt. No. 3 at 5.) Defendants thereafter allegedly harassed Plaintiff by

7 obtaining a state No Contact Order and slandering Plaintiff's name in the Daisy Landing

8 community in Sultan, Washington where the parties live. *Id.*

9      These allegations establish this Court lacks subject matter jurisdiction. Subject-matter

10 jurisdiction refers to the Court's power to hear a case. *Union Pac. R.R. Co. v. Bhd. of Locomotive*

11 *Eng'rs & Trainmen Gen. Comm. of Adjustment*, 558 U.S. 67, 81 (2009). "Federal courts are

12 courts of limited jurisdiction." *Richardson v. United States,* 943 F.2d 1107, 1108 (9th Cir. 1991).

13 "The jurisdiction of district courts and the courts of appeals are limited by the Constitution and

14 those subjects encompassed within a statutory grant of jurisdiction." *Id.* Federal courts have

15 "jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

16 States." 28 U.S.C. § 1331. Federal courts also have jurisdiction in civil actions where the matter

17 in controversy exceeds $75,000 and the action, "is between citizens of different States." 28

18 U.S.C. § 1332(a)(1). "If the court determines at any time that it lacks subject-matter jurisdiction,

19 the court must dismiss the action." Fed. R. Civ. Pro. 12(h)(3). "It has long been held that a judge

20 can dismiss sua sponte for lack of jurisdiction." *Cat Diversified Promotions, Inc. v. Musick*, 505

21 F.2d 278, 280 (9th Cir. 1974).

22      Plaintiff "bears the burden of establishing subject matter jurisdiction." *See, e.g.*, *Robinson*

23 *v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Ashoff v. City of Ukiah*, 130 F.3d 409, 410

(9th Cir. 1997). Plaintiff has not met this burden. First, the complaint alleges the Court has subject matter jurisdiction because Plaintiff's claims raise a federal question. However, the basis of Plaintiff's claim is that the Defendants violated state law and covenants governing the Daisy Landing Community in Sultan, Washington. Neither suggest a federal constitutional or statutory violation. Nor is diversity jurisdiction alleged (a property dispute between persons living in the same neighborhood clearly establishes that the parties are not diverse).

In sum, the Court has carefully reviewed the proposed complaint and concludes this Court lacks subject matter jurisdiction and the matter should be dismissed. The Court also finds that granting Plaintiff leave to amend the complaint would be futile. *See Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018). The complaint alleges state law violations between neighbors over a fence, violations of a state No Contact Order, and state-law tortious conduct; no amendment would alter the fact that this Court lacks subject matter jurisdiction claims arising from such conduct.

The Court accordingly ORDERS:

(1)     The complaint, (Dkt. No. 3), is DISMISSED.

(2)     The Clerk shall provide a copy of this order to Plaintiff.

DATED this 31st day of August 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 3